KATE D. JONES, Senior Deputy (SBN 315650)
TALIA V. EDELMAN, Deputy (SBN 332627)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101
Telephone: (619) 531-5888; (619) 531-4860
Facsimile: (619) 531-6005
E-mail: kate.jones@sdcounty.ca.gov; talia.edelman@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, Kaliha Johnson, Robyn Charlton, Mary Robilotta, and Diana Shreckengost

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH POPE, an individual; KRISTOFFER POPE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO, a public entity; KALIHA JOHNSON, an individual; ROBYN CHARLTON, an individual; MARY ROBILOTTA, an individual; DIANA SHRECKENGOST, an individual; DOE HHSA Workers 1-10, known but unidentified individuals; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 21-cv-1102-JLS-BGS <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTY OF SAN DIEGO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> [Fed. R. Civ. P. 12(b)(6)] <br><br> Date: October 21, 2021 <br> Time: 1:30 p.m. <br><br> Judge: Hon. Janis L. Sammartino <br> Courtroom: 4D |

Defendant County of San Diego ("County") moves to dismiss Plaintiffs' Complaint (ECF No. 1) ("Complaint") pursuant to Federal Rule of Civil Procedure 8 and 12(b)(6).

## I.  INTRODUCTION

This Court should dismiss Plaintiffs' Complaint against the County because it fails to state a cognizable claim for municipal liability.  First, Plaintiffs do not adequately allege their federal constitutional rights were violated, and if there is no constitutional violation, there can be no municipal liability.  Plaintiffs allege County social workers violated their Fourteenth Amendment right to familial association by removing their children from their custody.  As explained in County social workers' motion to dismiss, this claim fails because the Plaintiffs' children were removed pursuant to court order. Plaintiffs further allege County social workers presented false information to the juvenile court, but fail to show that the information was material to the juvenile court's determination to issue the warrants.  Finally, Plaintiffs fail to establish that their constitutional rights were violated when their children received medical examinations and procedures.

But even if this Court finds that Plaintiffs adequately plead an underlying federal constitutional violation, the Complaint does not state a *Monell* claim.  Plaintiffs offer only a conclusory recitation of the elements of a *Monell* claim, without specific facts regarding an official policy, a longstanding County practice or custom, or a failure to train or supervise its employees.  Plaintiffs essentially plead that the County had a custom or practice of permitting the occurrence of the type of wrongs alleged against the individual defendants in the Complaint, which is plainly insufficient.  Additionally, Ninth Circuit precedent is clear that Plaintiffs cannot premise their *Monell* claim solely on their individual experience.  As a result, this Court should dismiss Plaintiffs' claims against the County.

/ / /

/ / /

## II. SUMMARY OF PLAINTIFFS' FACTUAL ALLEGATIONS

The County incorporates the summary of Mr. Kristoffor Pope and Ms. Ruth Pope ("Plaintiffs") allegations as stated in County social worker defendants' motions to dismiss, which were filed concurrently with this motion. (*See* ECF Nos. 12, 13.) Against the County, Plaintiffs allege violation of their constitutional rights under a theory of municipal liability (also known as *Monell* liability).

## III. LEGAL STANDARD

The County incorporates by reference the Federal Rule of Civil Procedure 12(b)(6) legal standard in the County social worker defendants' motions to dismiss, which were filed concurrently with this motion. (*See* ECF Nos. 12, 13.)

## IV. ARGUMENT

### A. Plaintiffs Fail to Plead an Underlying Constitutional Violation

A municipality may not be sued under § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Department of Social Services*, 436 U.S. 658, 689, 694 (1978). Instead, "local governments are responsible only for 'their *own* illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original). It is only when "execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. "To sufficiently plead a *Monell* claim and withstand a Rule 12(b)(6) motion to dismiss, allegations in a complaint 'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Johnson v. Shasta Cty.*, 83 F. Supp. 3d 918, 930 (E.D. Cal. 2015) (quoting *A.E. v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)).

To allege municipal liability under § 1983, a plaintiff must first show that an employee's acts violated his or her federal rights. *Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir. 1996); *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001). As argued in County social worker defendants' accompanying motions to dismiss, Plaintiffs fail to allege sufficient facts showing a violation of their constitutional rights. (*See* ECF Nos.

12, 13.) Thus, Plaintiffs' derivative *Monell* claims are barred. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Because there is no constitutional violation, there can be no municipal liability.")

> **B.     Plaintiffs Fail to Identify Any Formal Policy or Longstanding Custom to Support Municipal Liability Against the County**

To proceed against the County under § 1983, Plaintiffs must show: "(1) that [Plaintiffs] possessed a constitutional right of which [they were] deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff[s'] constitutional right[s]; and, (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989)).

To state a valid *Monell* claim, Plaintiffs must allege their rights were violated pursuant to either: (1) a formally adopted or decreed municipal policy, or (2) "a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." *Trevino*, 99 F.3d at 918 (citations omitted). The custom must be more than one or even a few incidents; it must be so "persistent and widespread" that it becomes, in effect, a "permanent and well settled [government] policy." *Monell*, 436 U.S. at 691. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918 (citations omitted).

Additionally, for a policy, custom, or practice to constitute the "moving force" behind a constitutional violation, there must be a "direct causal link between the municipal action and the deprivation of federal rights." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997). That is, the "identified deficiency" in the government's policies must be "closely related to the ultimate injury" such that, had the policy or practice been different, the injury "would have been avoided." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002) (citations omitted).

1  Plaintiffs' *Monell* claims are premised on alleged County customs of: (1) removing
2  children from their parents' custody without consent, court order, or exigent
3  circumstances, (2) subjecting children to forensic medical examinations and vaccinations
4  without their parents' consent, and (3) judicial deception.  *See* Compl. ¶¶ 142-152, 153-
5  168, 169-193.
6  First, Plaintiffs' *Monell* claims fail because Plaintiffs do not sufficiently allege that
7  actions taken pursuant to a longstanding County practice or custom caused their injuries.
8  Plaintiffs attempt to recast their claims for their children's removal, medical
9  examinations, and judicial deception as County customs, e.g., "The custom of removing
10 children from their parent's custody without consent, court order, and/or exigent
11 circumstances," "The custom and/or practice of subjecting children to unwarranted non-
12 consensual medical examinations," and "The custom and/or practice of including false,
13 inaccurate, exaggerated, misleading, and/or untrue factual statements in the documents
14 and/or reports filed with the juvenile court."  *See* Compl. ¶¶ 143, 157, 171.  However, the
15 Ninth Circuit has held that alleging customs or practices by simply restating the
16 allegations that gave rise to the constitutional injuries is insufficient to state a claim for
17 municipal liability.  *See A.E.*, 666 F.3d at 635-37 (affirming dismissal of *Monell* claims
18 where plaintiffs alleged the municipality was liable because individual defendants
19 performed their acts and omissions pursuant to a "policy, custom, or practice of
20 knowingly permitting the occurrence of the type of wrongs that were alleged elsewhere in
21 the complaint"); *see also Bagley v. City of Sunnyvale*, No. 16-CV-02250-LHK, 2017 U.S.
22 Dist. LEXIS 9948, at *46-47 (N.D. Cal. 2017) (finding *Monell* claim for excessive force
23 insufficiently pled where the plaintiff alleged that the defendant had a policy "[t]o use or
24 tolerate the use of excessive and/or unjustified force" in the manner alleged in the
25 complaint).
26 Second, Plaintiffs only plead acts or omissions related to their own experience and
27 fail to show a County custom that is so "persistent and widespread" that it constitutes a
28 "permanent and well settled" policy.  *See Hunter v. Cty. of Sacramento*, 652 F.3d 1225,

1233 (9th Cir. 2011) (quoting *Monell*, 436 U.S. at 691).  The Ninth Circuit has made it clear that a single instance of unlawful conduct will not support *Monell* liability against a municipality.  *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021) ("However, one instance of County employees violating the constitutional rights of parents and children is insufficient to demonstrate a custom supporting *Monell* liability"); *see also Trevino*, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents").  Plaintiffs allege, without any specific factual support, that it is the "customary practice" of the County to violate parents' constitutional rights.  *See* Compl. ¶ 145.  Plaintiffs further allege that the violations have occurred "on an ongoing and continuous basis since at least 2005," and have resulted in several lawsuits against the County and its social workers.  *See id.* at ¶¶ 165, 173.  In support of this assertion, Plaintiffs cite to two cases filed against the County.  *See id.* at ¶ 173.  However, neither case resulted in an adverse judgment against the County or a finding that the County had a policy, practice, or custom that resulted in the violation of any constitutional right.

In *Marshall v. County of San Diego*, the plaintiff alleged that County social workers wrongfully removed a foster child from her care and deceived the juvenile court.  238 Cal. App. 4th 1095, 1107-08 (2015). The California Court of Appeal affirmed the trial court's grant of summary judgment for defendants because it found that social workers were entitled to qualified immunity and that even if a constitutional violation occurred, it was not the result of a County custom.  *Id.* at 1110, 1121.

In *Kemper v. County of San Diego*, the California Court of Appeal held that the trial court properly dismissed the plaintiff's claims against the County and its employees for alleged judicial deception that led to the termination of plaintiff's parental rights.  No. D059637, 2013 Cal. App. Unpub. LEXIS 2818, at *19 (Apr. 22, 2013).  The Court of Appeal held that the County was not liable because collateral estoppel principles precluded the plaintiff from recovering on her § 1983 claim against the social workers

///

because it was predicated on the same factual claims that were litigated and decided adversely to her in the prior juvenile dependency proceedings. *Id.* at *44.

Moreover, even if Plaintiffs had cited to a couple of instances of factually similar constitutional violations, it would still be insufficient to state a *Monell* claim against the County, which has over three million residents and received over 36,000 reports of child abuse last year.[1] *See Benavidez*, 993 F.3d at 1154, (holding that one violation in San Diego County did not demonstrate a custom); *Raiser v. San Diego Cty.*, No. 19-cv-0751-GPC-KSC, 2019 U.S. Dist. LEXIS 185460, at *17 (S.D. Cal. Oct. 25, 2019) ("Plaintiff also makes the observation that there have been 50 other similar incidents in the last five years [in San Diego County]. Without additional facts, this cursory claim cannot sustain a pattern or practice under *Monell*."); *see also Bridges v. Dart*, 950 F.3d 476, 480-81 (7th Cir. 2020) (three or five instances over a seven-year period did not demonstrate a widespread practice in a county with five million residents and thousands of detainees).

Finally, Plaintiffs' allegations of causation are similarly conclusory and do not show a "direct causal link" between a County custom and a particular violation. *See Brown*, 520 U.S. at 404. Plaintiffs make bald allegations that the "regularly established customs and practices of the Defendant County . . . were the moving force that caused the violations of the Plaintiffs' constitutional rights." *See* Compl. ¶¶ 157, 171. Simply reciting the elements of a cause of action is insufficient to state a valid claim of municipal liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)); *see also Hendrix v. City of San Diego*, No. 20-CV-45 TWR (NLS), 2021 U.S. Dist. LEXIS 168430, at *30 (S.D. Cal. Aug. 11, 2021) (dismissing conclusory allegation that the alleged municipal policy caused the plaintiff's constitutional violation); *McManus v. Cty. of San Diego, No. 15cv0138 JM(RBB),* 2015 U.S. Dist. LEXIS 135686, at *17 (S.D. Cal. Oct. 5, 2015) (dismissing *Monell* claims where plaintiff made bare allegations that violation of his rights occurred because the

---

[1] *Child Welfare Services Fiscal Year 2020/21 Statistics*, County of San Diego Health and Human Services Agency, https://www.sandiegocounty.gov/content/sdc/hhsa/programs/cs/child_welfare_services/Data.html (July 23, 2021.)

county had "the custom and/or practice of creating and/or removing children from the custody of their parents in the absence of exigent circumstances"); *Jones v. Cty. of Contra Costa*, No. 13-cv-05552-TEH, 2016 U.S. Dist. LEXIS 52471, at *6-7 (N.D. Cal. Apr. 19, 2016) (holding that the burden on plaintiffs to show that specific policies were the moving force behind the violation of rights is "especially important" where a plaintiff makes a "facially implausible" allegation that a public entity has a policy to cause harm without justification). Thus, Plaintiffs' claims for municipal liability based on a County custom or practice should be dismissed.

### C. Plaintiffs Do Not Allege that the County Failed to Train or Supervise Its Employees

A municipality's liability under § 1983 is at "its most tenuous" when the claim is based on a failure to train. *Connick*, 563 U.S. at 61. To allege a failure to train as the basis for *Monell* liability, "a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez*, 993 F.3d at 1153-54 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007)). "Deliberate indifference is a stringent standard of fault requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61. "Mere negligence in training or supervision" will not suffice. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

Additionally, in order to demonstrate deliberate indifference for purposes of failure to train, a plaintiff must show a pattern of similar constitutional violations by untrained employees. *Flores v. Cty. of L.A.*, 758 F.3d 1154, 1159 (9th Cir. 2014); *see also Benavidez*, 993 F.3d at 1154 (rejecting plaintiffs' failure to train claim supported only with a single incident). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a

///

training program that will cause violations of constitutional rights." *Connick*, 563 U.S. at 62.

Here, Plaintiffs allege the County, "knowingly and with deliberate indifference failed to train" its employees on the constitutional rights of parents and their children, (Compl. ¶¶ 149, 150, 163, 179, 188) but do not set forth any facts to meet the "stringent standard of fault requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *See Connick*, 563 U.S. at 61. Nor have Plaintiffs alleged facts to show a pattern of similar constitutional violations by untrained employees. *See Flores*, 758 F.3d at 1159. Plaintiffs allege that the individual defendants' conduct "was not an isolated incident specific to this family's circumstances," (Compl. ¶ 164) but this conclusory statement falls far short of pleading a plausible claim against the County for failure to train its social workers. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Similarly, Plaintiffs' claim based on a failure to supervise or discipline fails. Claims for failure to supervise are reviewed under the same standard as claims for failure to train. *Estate of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1208 (E.D. Cal. 2019). Consequently, a failure to supervise that is "sufficiently inadequate" may amount to "deliberate indifference" by a supervisor. *Dougherty*, 654 F.3d at 900 (quoting *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989)). Mere negligence in supervision does not give rise to a *Monell* claim. *Id.* Where a plaintiff alleges a theory of failure to discipline, courts analyze whether the defendant ratified its employees' unconstitutional behavior. *See Christie v. Iopa*, 176 F.3d 1231, 1238 (9th Cir. 1999). A municipality may be subject to *Monell* liability if an authorized policymaker approves a subordinate's decision and the basis for it. *Id.* at 1239.

Again, Plaintiffs' allegations are insufficiently pled to survive a motion to dismiss. Plaintiffs make conclusory statements that the County fails to supervise and "never investigates or disciplines" its social workers. (*See* Compl. ¶¶ 147, 157, 177, 190.) But Plaintiffs do not offer any factual support for this statement, nor do they plead any facts

showing the County knew of the social workers' alleged misconduct or that a County policymaker approved both the decision and the basis for it. *See Christie*, 176 F.3d at 1239; *see also Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1016 (S.D. Cal. 2018) (rejecting plaintiff's "broad and nonspecific assertions" that a city employee was a policymaker who approved a policy condoning the conduct at issue). The Complaint includes formulaic recitations of the elements of the cause of action, but fails to provide sufficient factual support for Plaintiffs' claim. *See Iqbal*, 556 U.S. at 678 (A "recital[ ] of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") For these reasons, this Court should dismiss all of Plaintiffs' conclusory *Monell* claims against the County.

**V.    CONCLUSION**

For the reasons set forth above and in County social worker defendants' motions to dismiss, the County requests that this Court dismiss Plaintiffs' Complaint.

DATED:  September 22, 2021    OFFICE OF COUNTY COUNSEL

By:  s/Kate D. Jones, Senior Deputy
       Talia V. Edelman, Deputy
Attorneys for Defendant County of San Diego
E-mail: kate.jones@sdcounty.ca.gov;
talia.edelman@sdcounty.ca.gov