KATE D. JONES, Senior Deputy (SBN 315650)
TALIA V. EDELMAN, Deputy (SBN 332627)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101
Telephone: (619) 531-5888; (619) 531-4860
Facsimile: (619) 531-6005
E-mail: kate.jones@sdcounty.ca.gov; talia.edelman@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, Kaliha Johnson, Robyn Charlton, Mary Robilotta, and Diana Shreckengost

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH POPE, an individual; KRISTOFFER POPE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a public entity; KALIHA JOHNSON, an individual; ROBYN CHARLTON, an individual; MARY ROBILOTTA, an individual; DIANA SHRECKENGOST, an individual; DOE HHSA Workers 1-10, known but unidentified individuals; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 21-cv-1102-JLS-BGS<br><br>**KALIHA JOHNSON, ROBYN CHARLTON, MARY ROBILOTTA, AND DIANA SHRECKENGOST'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date: October 21, 2021<br>Time: 1:30 p.m.<br><br>Judge: Hon. Janis L. Sammartino<br>Courtroom: 4D |

County social workers Kaliha Johnson ("Ms. Johnson"), Robyn Charlton ("Ms. Charlton"), Mary Robilotta ("Ms. Robilotta"), and Diana Shreckengost ("Ms. Shreckengost") file this request for judicial notice in support of their Motions to Dismiss Plaintiffs' Complaint. County social workers request that this Court take judicial notice of the contents of the following exhibits, attached hereto, pursuant to Federal Rule of Evidence 201:

**Exhibit A:** A copy of the California Court of Appeal court opinion, *J.P. v. R.P.*, No. D076505, 2020 Cal. App. Unpub. LEXIS 1126 (Feb. 19, 2020), affirming the

disposition order of the Superior Court of San Diego County, *In the matter of J.P.1, N.P. and J.P.2*, Petition Nos. EJ4410A-C.

**Exhibit B:** Copies of the protective custody warrants issued by the juvenile court for J.P.1, N.P., and J.P.2 on June 13, 2019 in the juvenile court proceedings for *In the matter of J.P.1, N.P. and J.P.2*, Petition Nos. EJ4410A-C (filed conditionally under seal). Exhibit B also contains the juvenile court's orders authorizing the use of the records, and requiring that if used in another court proceeding as an exhibit that such records not be part of the public record.

**Exhibit C:** A copy of the detention report filed with the juvenile court on June 18, 2019 in the juvenile court proceedings for *In the matter of J.P.1, N.P. and J.P.2*, Petition Nos. EJ4410A-C (filed conditionally under seal).

**Exhibit D:** A copy of the consent for examination and treatment form dated June 13, 2019 from the juvenile dependency case file for *In the matter of J.P.1*, Petition No. EJ4410A (filed conditionally under seal).

**Exhibit E**:  Copies of a plea of guilty and charge summary in *People v. Ruth Pope*, Case No. CE394072.

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned.  Fed. R. Evid. 201(b).  County social workers' request is proper because public records and records from state court proceedings are the types of documents that are properly noticed under Rule 201.

**Exhibit A** is a publicly available state court order relevant to Plaintiffs' claims. This Court can properly take notice of other court proceedings. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts.").  A court can take notice of the documents' existence and may draw its own legal conclusions to determine the legal

1  significance of the court order.  *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.
2  1995) (holding that when ruling on a Rule 12(b)(6) motion, a district court could properly
3  consider the preclusive effect of a state court decision).

4        **Exhibits B, C, D, and E** are records from related state juvenile dependency
5  proceedings and criminal proceedings.  The juvenile court orders, including the
6  protective custody warrants as well as the detention report and consent forms, are directly
7  related to the matters at issue in this case because Plaintiffs allege that County social
8  workers wrongfully removed Plaintiffs' children from their care; made false statements to
9  the juvenile court in the warrant and detention report; and administered medical
10 treatments to J.P.1 when he was in protective custody without Plaintiffs' consent.  *See*
11 Compl. ¶¶ 105-138.  Records from Plaintiff Ruth Pope's criminal proceedings are also
12 directly related to the matter at issue in this case because they document her conviction
13 for child abuse of J.P.1., which Plaintiffs' removal claim would necessarily invalidate in
14 contravention of *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See* Compl. ¶ 108.  Thus, his
15 Court may take judicial notice of the records.  *See United States v. Wilson*, 631 F.2d 118,
16 119 (9th Cir. 1980) (stating that a court may take judicial notice of court records in
17 another case); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d
18 1360, 1364 (9th Cir. 1998) (granting judicial notice of pleadings filed in a related state
19 court action); *JQ.H. v. Cty. of San Diego*, No. 3:18-cv-924-BTM-DEB, 2020 U.S. Dist.
20 LEXIS 224095, at *2-4 nn.2-4 (taking judicial notice of juvenile court orders and reports
21 from juvenile dependency proceedings) (S.D. Cal. Nov. 30, 2020); *Anderson v. Cty. of*
22 *San Diego*, 2011 U.S. Dist. LEXIS 33379, at *5 n.2 (S.D. Cal. 2011) (taking judicial
23 notice of juvenile court records); *Guzman v. Cty. of Alameda*, 2012 U.S. Dist. LEXIS
24 48601, at *2 n.1 (N.D. Cal. 2012) (taking judicial notice of transcripts, minute orders,
25 detention reports, petitions, and orders from juvenile dependency proceedings).

26       Additionally, this Court may take judicial notice of Exhibits B, C, and D when
27 ruling on a Rule 12(b)(6) motion under the incorporation-by-reference doctrine because
28 the documents are referenced extensively in Plaintiffs' Complaint and form the basis of

Plaintiffs' claims.  *See* Compl. ¶¶ 69, 71, 98; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("even if a document is not attached to a complaint, it may be incorporated by reference if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"); *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (a court may "consider unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document") (internal quotation marks and citation omitted).

      Accordingly, County social workers respectfully request this Court grant their Request for Judicial Notice.

DATED:  September 22, 2021   OFFICE OF COUNTY COUNSEL

By:  s/Kate D. Jones, Senior Deputy
      Talia V. Edelman, Deputy
Attorneys for Defendants Kaliha Johnson, Robyn Charlton, Mary Robilotta, and Diana Shreckengost
E-mail: kate.jones@sdcounty.ca.gov; talia.edelman@sdcounty.ca.gov